UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No. _____

ANARDA ROSALES, JORGE ZEPEDA,
and other similarly situated individuals,
        Plaintiff(s),
v.

SUNRISE LAKES PHASE III
RECREATION ASSOCIATION, INC,
PAUL GASSEN, and DORANCE
RESTREPO
        Defendants.

## COMPLAINT
### (OPT-IN PURSUANT TO 29 U.S.C § 216(B))

Plaintiffs, ANARDA ROSALES and JORGE ZEPEDA ("Plaintiffs") and other similarly situated individuals, sue the Defendants, SUNRISE LAKES PHASE III RECREATION ASSOCIATION, INC. ("SUNRISE"), PAUL GASSEN and DORANCE RESTREPO (collectively "Defendants"), and allege:

1. This is an action to recover money damages for unpaid overtime under the laws of the United States.

2. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

3. Plaintiffs are residents of Broward County, Florida, within the jurisdiction of this Honorable Court. Plaintiffs are covered employees for purposes of the Act.

4. Corporate Defendant is a Florida not for profit corporation, having its principal address in Broward County, Florida, where Plaintiffs worked for Defendants, and at all times material hereto were and are engaged in interstate commerce.

5. Upon information and belief, all individual defendants are owners and/or managers of corporate defendant and should be considered employers of Plaintiff.

## COUNT I: OVERTIME VIOLATION BY SUNRISE

6. Plaintiff incorporates herein paragraphs 1-5 above.

7. This action is brought by Plaintiffs and those similarly situated to recover from unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees . . . for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

8. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). Sunrise is and, at all times pertinent to this Complaint, was engaged in interstate commerce. Sunrise operates as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees. Upon information and belief, the annual gross revenue of Sunrise was at all times material hereto in excess of $500,000 per annum, and/or

Plaintiffs and those similarly situated, by virtue of working in interstate commerce, otherwise satisfy the Act's requirements.

9. Sunrise is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the Act, and/or Plaintiff and those similarly situated was and/or is engaged in interstate commerce for Sunrise. Sunrise's business activities involve those to which the Act applies. Sunrise is the recreation arm of the Sunrise Lakes Phase III retirement community and, through its business activity, affects interstate commerce. Plaintiffs' work for Sunrise likewise affects interstate commerce. Plaintiffs were employed by Sunrise as custodians.

10. While employed by Sunrise, Plaintiffs worked an average of 45-50 hours per week without being compensated at the rate of not less than one and one half times the regular rate at which they were employed. Plaintiffs were employed as maintenance workers performing the same or similar duties as that of other similarly situated maintenance workers whom Plaintiffs observed working in excess of 40 hours per week without overtime compensation.

11. Plaintiffs were paid through the payroll company Paychex for their hourly work Monday through Friday. However, they were made to work weekends with regularity to set up for events. These weekend events were paid through personal checks separate from their weekday work and payroll. This weekend work was essentially the same as the weekday work, occurred at the same location, and was under the observation and management. The separate pay methods were used only to evade paying overtime to employees. Plaintiffs and those similarly situated were not paid overtime wages for the hours that

they worked in excess of 40 hours per week. Additionally, these hours were often incomplete and not completely accounted. Plaintiffs seek to recover unpaid overtime wages accumulated from the date of hire and/or from 3 (three) years from the date of the filing of this Complaint.

12. Prior to the completion of discovery and to the best of the knowledge of each individual Plaintiff, at the time of the filing of this Complaint, a good faith estimate of the unpaid overtime wages are as follows:

    a. Anarda Rosales: $4.50 unpaid overtime rate x 42 weeks x 7.5 overtime hours per week = $1,417.50

    b. Jorge Zepeda: $4.50 unpaid overtime rate x 43 weeks x 7.5 overtime hours per week = $1,451.25

13. At all times material hereto, Sunrise failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiffs and those similarly situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by Sunrise to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in the Act. The additional persons who may become Plaintiffs in this action are current and former maintenance workers who are and who were subject to the unlawful payroll practices and procedures of Sunrise, essentially straight time pay for overtime hours.

14. Sunrise knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages and remains owing Plaintiffs and those similarly situated these overtime wages since the commencement of Plaintiffs' and those similarly situated employee's employment with Sunrise as set forth above, and Plaintiffs and those

similarly situated are entitled to recover double damages. Sunrise never posted any notice, as required by Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

15. Sunrise willfully and intentionally refused to pay Plaintiffs overtime wages as required by the laws of the United States as set forth above and remains owing Plaintiffs these overtime wages since the commencement of Plaintiffs' employment with Sunrise as set forth above.

16. Plaintiffs have retained the law offices of the undersigned attorney to represent them in this action and are obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs and those similarly situated request that this Honorable Court:

A. Enter judgment for Plaintiffs and others similarly situated and against Sunrise on the basis of Sunrise's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiffs actual damages in the amount shown to be due for overtime compensation for hours worked in excess of forty weekly; and

C. Award Plaintiffs an equal amount in double damages/liquidated damages; and

D. Award Plaintiffs reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiffs and those similarly situated demand trial by jury of all issues so triable as of right.

## COUNT II: OVERTIME VIOLATIONS BY PAUL GASSEN and DORANCE RESTREPO

17. Plaintiffs incorporate herein paragraphs 1-16 above.

18. At the times mentioned, the Individual Defendants were employers of Plaintiffs and others similarly situated within the meaning of Section 3(d) of the Act [29 U.S.C. § 203(d)], in that these defendants acted directly or indirectly in the interests of the Corporate Defendant in relation to the employees of the Corporate Defendant, including Plaintiffs and others similarly situated. The Individual Defendants had operational control of the Corporate Defendant, were involved in the day-to-day functions of the Corporate Defendant, paid Plaintiffs, and is jointly liable for Plaintiffs' damages.

19. The Individual Defendants were, at all times relevant, respectively persons in control of the Corporate Defendant's financial affairs and can cause the Corporate Defendant to compensate (or not to compensate) its employees in accordance with the Act.

20. The Individual Defendants willfully and intentionally caused Plaintiffs not to receive overtime compensation as required by the laws of the United States as set forth above and remains owing Plaintiffs these overtime wages since the commencement of Plaintiffs' employment with the Corporate Defendant as set forth above.

21. Plaintiffs have retained the law offices of the undersigned attorney to represent them in this action and are obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs and those similarly situated request that this Honorable Court:

A. Enter judgment for Plaintiffs and other similarly situated and against the Individual Defendants on the basis of the Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiffs actual damages in the amount shown to be due for overtime compensation for hours worked in excess of forty weekly; and

C. Award Plaintiffs an equal amount in double damages/liquidated damages; and

D. Award Plaintiffs reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just.

## JURY DEMAND

Plaintiffs and those similarly situated demand trial by jury of all issues so triable as of right.

Dated: March 19, 2017

Respectfully submitted,

By: /s/ R. Edward Rosenberg
R. Edward Rosenberg, Esquire
Fla. Bar No.: 88231
Email: rer@sorondorosenberg.com
Sorondo Rosenberg Legal PA
1825 Ponce de Leon Blvd. #329
Coral Gables, FL 33134
786.708.7550

Attorneys for Plaintiff