## SETTLEMENT, RELEASE AND
## NON-DISCLOSURE AGREEMENT

THIS SETTLEMENT, RELEASE AND NON-DISCLOSURE AGREEMENT (hereinafter referred to as the "Agreement") is made and entered into by and between Anarda Rosales and Jorge Zepeda (hereinafter referred to as "Plaintiffs"), and Sunrise Lakes Phase 3 Recreation Association, Inc., Paul Gassen, and Dorance Restrepo (which terms shall collectively include all past and present parents, successors in interest and assigns, affiliates, subsidiaries, divisions, departments, wholly-owned corporations or partnerships, business associations, sole proprietorships, and its/their current or former officers, directors, stockholders, members, employees, agents, representatives, attorneys, fiduciaries, administrators, or partners, in both their individual and official capacities) (hereinafter referred to as "Defendants").

### WITNESSETH:

WHEREAS, Plaintiffs filed a civil action against Defendants in the United States District Court for the Southern District of Florida, to which Case No.: 17-cv-60564-Bloom/Valle was assigned and in which Plaintiffs alleged claims under the Fair Labor Standards Act (hereinafter referred to as the "Civil Action");

WHEREAS, Defendants deny Plaintiffs' claims;

WHEREAS, Plaintiffs and Defendants desire to avoid incurring further costs of litigation, and seek to resolve all matters in controversy, disputes, and causes of action between them in an amicable fashion;

WHEREAS, Plaintiffs and Defendants have reached a full and final compromise and settlement of all matters, controversies, disputes, causes of action, claims and contentions between them, including payment of Plaintiffs' alleged overtime and liquidated damages claims; and

WHEREAS, Plaintiffs acknowledge that any payment received pursuant to this Agreement constitutes consideration which they would not otherwise be entitled to receive from Defendants.

NOW THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, the sufficiency of which is hereby acknowledged, and to avoid unnecessary litigation, it is hereby agreed by and between the Parties as follows:

1.  This Agreement, and compliance with this Agreement, shall not be construed as an admission by Defendants of any liability whatsoever, or as an admission by Defendants of any violation of the rights of Plaintiffs or any other person, or of any violation of any order, law, statute, regulation, duty, or contract, or any act of discrimination whatsoever against Plaintiffs or any other person, and Defendants specifically disclaim any liability to, or discrimination or retaliation against Plaintiffs or any other person, and any

SPDN-868764429-2016298


EXHIBIT A

alleged violation of any rights of Plaintiffs or any other person, or of any order, law, statute, regulation, duty or contract.

2. Plaintiffs agree that she shall take all necessary actions to execute, serve and file all documents and pleadings necessary to obtain Court approval of this Agreement, and dismiss the Civil Action with Prejudice.

3. In full settlement of all claims, including attorneys' fees and costs, Defendants agree to pay Plaintiffs and their attorney, the total sum of six thousand seven hundred fifty-one dollars and seventy-six cents ($6,751.76) as follows:

(a) A check in the amount of seven hundred sixty-eight dollars and thirty-eight cents ($768.38) will be made payable to Plaintiff, Anarda Rosales. This sum is allocated as payment for Plaintiff Rosales' claims in the Civil Action.

(b) A check in the amount of one thousand seven hundred fifty-eight dollars and thirty-eight cents ($1,758.38) will be made payable to Plaintiff, Jorge Zepeda. This sum is allocated as payment for Plaintiff Zepeda's claims in the Civil Action.

(c) A check in the amount of four thousand two hundred twenty-five dollars ($4,225.00) will be made payable to Sorondo Rosenberg Legal P.A. This sum is allocated as payment for Plaintiffs' claims for attorneys' fees and costs in the Civil Action.

Within fifteen (15) business days after the Court's Approval of the Settlement and Dismissal of this Civil Action with Prejudice, Defendants shall forward the sums in paragraphs (a), (b), and (c), above, to Counsel for Plaintiffs. The Parties agree that it is the responsibility of Plaintiffs' counsel, R. Edward Rosenberg, Esq., to remit and disburse all sums owed to Plaintiffs under the terms of this Agreement.

Plaintiffs agree that they are individually and jointly liable and fully responsible for payment of any and all taxes normally and customarily paid in association with such payment, including any penalties, interest or other costs attributable to the late payment of such taxes. Plaintiffs agree that they will indemnify and hold Defendants harmless from any tax liability normally and customarily paid by the Employee, including penalties and interest, in the event the IRS or any government agency subsequently determines that taxes, penalties, interest or other costs normally and customarily paid by the Employee are due for the sums paid pursuant to this Agreement.

4. Plaintiffs agree that they are waiving all rights to employment or to be considered for employment as an employee, temporary employee, independent contractor, consultant, or in any other capacity with Defendants. The Parties agree and further acknowledge that Plaintiffs are not waiving claims or rights arising after the execution of this Agreement but that Plaintiffs have contractually agreed not to apply for employment with Defendants in the future and this Agreement shall constitute a bar of any claim that Plaintiffs may have should either of the Plaintiffs apply for employment with Defendants in the future and not be hired.

5.      It is expressly understood by Plaintiffs and their attorney that the obligations of Defendants contained in paragraph 3 of this Agreement shall be in lieu of any and all amounts to which Plaintiffs or their attorney are now, or may become, entitled to, based upon any claim whatsoever arising out of their employment with Defendants or otherwise (including special, general or exemplary damages, attorney's fees, interest, expenses, and costs actually incurred).

6.      Plaintiffs warrant that they, their spouses, family members, attorneys, and accountants have not and will not disclose, communicate, disseminate and/or publicize, or cause or permit to be disclosed, communicated, disseminated or publicized the existence of or terms and conditions of this Agreement or its underlying facts, directly or indirectly, specifically or generally, to any person, business, organization, corporation, association, governmental agency, except as follows: (1) as necessary to obtain Court approval of the settlement and dismiss the Civil Action with prejudice; (2) to the extent necessary to report income to appropriate taxing authorities; (3) to their attorney(s) and accountant(s); (4) in response to requirements of law or a subpoena issued by a state or federal court or governmental agency, provided, however, that notice of receipt of such judicial order or subpoena immediately shall be communicated to counsel for Defendants telephonically, and confirmed immediately thereafter in writing so that Defendants will have the opportunity to intervene to assert what rights it may have in non-disclosure prior to any response to the order or subpoena.

Plaintiffs further agree that they will engage in no conduct which is either intended to or could reasonably be expected to harm Defendants and further agrees that they will not take any action, legal or otherwise, which might embarrass, harass or adversely affect Defendants or which might in any way work to its detriment, whether directly or indirectly. In particular, and by way of illustration not limitation, Plaintiffs agree that they will not directly or indirectly contact the press or media, any federal, state, or local governmental agency, officers, managers or employees, customers or any entity that has a business relationship with Defendants, in order to disparage the good morale or business reputation of Defendants or any of its employees.

The Parties further agree that in the event that either Plaintiff violates this provision, Defendants shall be entitled to the following from the violating Plaintiff:

   a.   Any and all actual damages, including compensatory damages suffered;

   b.   Liquidated damages in the amount of $1,500.00 per violation; and

   c.   The agreement by the Plaintiff to the entry of a Restraining Order/ Injunction.

The foregoing agreement not to disclose shall be binding on Plaintiffs, their spouses, family members, attorney, and accountant(s), and Plaintiffs shall instruct their spouses, family members, attorney(s) and accountant(s) of this provision. Plaintiffs' signature hereto also indicates their agreement that this non-disclosure and non-disparagement provision is a material element of this Agreement and is a part of the consideration for Plaintiffs and Defendants entering into this Agreement.  No action of Defendants shall be taken as a

waiver of its right to insist that Plaintiffs abide by the non-disclosure terms of this Agreement.

The Parties further acknowledge that if Plaintiffs are asked about the Civil, they may only respond that the "matters were amicably resolved," or that the "matters have been settled to the Parties' mutual satisfaction," or other words to that effect. The Plaintiffs acknowledge and agree that under this paragraph they are specifically prohibited from initiating any communication, verbally or in writing, with any person, business, organization, corporation, association or governmental agency regarding the institution of the Civil Action against Defendants or the underlying facts in those matters.

7. Plaintiffs hereby unconditionally and irrevocably release and forever discharge Defendants and its successors in interest and assigns, affiliates, subsidiaries, divisions, departments, wholly-owned corporations or partnerships, business associations, sole proprietorships, including but not limited to Sunrise Lakes Condominium Apts. Phase 3, Inc. 1, Sunrise Lakes Condominium Apts. Phase 3, Inc. 2, Sunrise Lakes Condominium Apts. Phase 3, Inc. 3, Sunrise Lakes Condominium Apts. Phase 3, Inc. 4, Sunrise Lakes Condominium Apts. Phase 3, Inc. 5, and its/their current or former officers, directors, stockholders, members, employees, agents, representatives, attorneys, fiduciaries, administrators, or partners, in both their individual and official capacities together with all insurers, including but not limited to Great American Insurance Company, of and from, and agrees not to sue and not to assert against them any causes of action, claims and demands whatsoever, known or unknown, whether or not fully accrued, at law, in equity, or before any agency or commission of local, state and federal governments, arising, alleged to have arisen, or which might have been alleged to have arisen, or which may arise, including but not limited to, claims under federal, state or municipal anti-discrimination laws such as Title VII of the Civil Rights Act of 1964, as amended in 1972, 1991, the Florida Civil Rights Act, the Age Discrimination in Employment Act, the Americans With Disabilities Act, the Family and Medical Leave Act, the Fair Labor Standards Act, the Equal Pay Act, Chapter 448, Florida Statutes, Section 440.205, Florida Statutes, Article X, Sec. 24 of the Florida Constitution, Chapter 11A of the Miami-Dade County Code, and statutes and laws of contract and torts that Plaintiff on behalf of themselves and on behalf of persons similarly situated, ever had, now have or which Plaintiffs' heirs, executors, administrators, or assigns, or any of them, hereafter can, shall or may have for or by reason of any cause whatsoever, to the effective date of this Agreement.

Plaintiffs waive the rights and claims set forth above, and agrees not to institute, or have instituted, a lawsuit against Defendants based on any such claims or rights. Plaintiffs specifically acknowledge that this Agreement releases Defendants from liability for any alleged discrimination or retaliation that is or could be the subject matter of any charge Plaintiffs have filed, or may subsequently file against Defendants with the U.S. Equal Employment Opportunity Commission, Florida Commission on Human Relations, or any other agency. Plaintiffs further acknowledge and agree that, with respect to the rights and claims they are waiving, they are waiving not only their right to recover in any action they might commence, but also their right to recover in any action brought on their behalf by any other party, including, but not limited to, the U.S. Equal Employment Opportunity

Commission, Florida Commission on Human Relations, or any other federal, state or local governmental agency or department.

8. Plaintiffs specifically acknowledge that they each:

   a. have been given at least twenty-one (21) full days within which to consider this Agreement;

   b. are advised that they have the right and may consult with an attorney prior to executing this Agreement and acknowledge the opportunity to consult an attorney;

   c. have seven (7) days following the execution of this Agreement to revoke the Agreement, and the Agreement will not become effective or enforceable until after this seven (7) day period has expired. To revoke this Agreement, Plaintiffs must advise the Defendants in writing of the election to revoke it within the seven (7) day period. Such written notice must be addressed and delivered to: Jenna N. Kochen, jkochen@anblaw.com, 121 Majorca Avenue, Suite 300, Coral Gables, Florida 33134;

   d. are specifically releasing, among other claims, any claims under the Age Discrimination in Employment Act of 1967 and all amendments thereto; and

   e. are not waiving rights or claims that may arise after the date this Agreement is executed.

9. In the event the Defendants are contacted for a reference by a prospective employer of either Plaintiff, Defendants hereby agree to provide a neutral reference, which will be limited to his/her name, position, and dates of employment. Plaintiffs understand that any prospective employer should be directed to the Office Manager for the purpose of providing such reference.

10. The Parties represent and agree that they have thoroughly discussed all aspects of this Agreement with their respective attorneys and have carefully read and fully understand all of the provisions of this Agreement, and that they are voluntarily entering into this Agreement. Plaintiffs specifically acknowledge that they are represented by counsel in this matter, who has reviewed the Agreement with Plaintiffs prior to its execution.

11. The Parties hereto represent and acknowledge that in executing this Agreement, they do not rely and have not relied on any representation or statement made by any of the other Parties or by any of the other Parties' agents, representatives, or attorneys with regard to the subject matter, basis, or effect of this Agreement or otherwise other than those specifically stated in this written Agreement.

12. Any breach of any term, provision, or obligation of this Agreement by any party, shall entitle the other to seek enforcement of such term, provision or obligation in a court of law of competent jurisdiction, and shall entitle the prevailing party to an award of the reasonable attorney's fees and costs incurred in such proceeding. The proper and only venue for any action, based upon any alleged breach of any term, provision or obligation of this Agreement, shall be in the United States District Court for the Southern District of Florida.

13. Should any provision of this Agreement be declared or be determined by any court of competent jurisdiction to be illegal, invalid, unethical or unenforceable, the legality, validity and enforceability of the remaining parts, terms or provisions shall not be affected thereby, and said illegal, invalid, unethical or unenforceable term, or provision shall be deemed not to be part of this Agreement.

14. Upon execution of this Agreement by all Parties, the Parties shall file with the Court a Joint Motion to Approve this Agreement and Dismiss this Civil Action with Prejudice. The Parties expressly acknowledge and agree that this Agreement and the payment of the sums provided in paragraph 3 is contingent upon the entry of an Order from the Court dismissing the Civil Action with Prejudice.

The parties to this Agreement may execute their signatures in counterpart, each document of which may be considered as an original when executed.

5/19/2,017
Date

_Anarda S. Rosales_
Anarda Rosales, Plaintiff

_____
Date

Jorge Zepeda, Plaintiff

5/29/17
Date

_Jody Soto_
Sunrise Lakes Phase 3 Recreation Association Inc., Defendant

By: _Jody Soto_
(Print Name)

5-22-17
Date

_Paul Gassen_
Paul Gassen, Defendant

GASSIN

5-22-17
Date

_Dorance Restrepo_
Dorance Restrepo, Defendant

SPDN-868764429-2016298

6

12. Any breach of any term, provision, or obligation of this Agreement by any party, shall entitle the other to seek enforcement of such term, provision or obligation in a court of law of competent jurisdiction, and shall entitle the prevailing party to an award of the reasonable attorney's fees and costs incurred in such proceeding. The proper and only venue for any action, based upon any alleged breach of any term, provision or obligation of this Agreement, shall be in the United States District Court for the Southern District of Florida.

13. Should any provision of this Agreement be declared or be determined by any court of competent jurisdiction to be illegal, invalid, unethical or unenforceable, the legality, validity and enforceability of the remaining parts, terms or provisions shall not be affected thereby, and said illegal, invalid, unethical or unenforceable term, or provision shall be deemed not to be part of this Agreement.

14. Upon execution of this Agreement by all Parties, the Parties shall file with the Court a Joint Motion to Approve this Agreement and Dismiss this Civil Action with Prejudice. The Parties expressly acknowledge and agree that this Agreement and the payment of the sums provided in paragraph 3 is contingent upon the entry of an Order from the Court dismissing the Civil Action with Prejudice.

The parties to this Agreement may execute their signatures in counterpart, each document of which may be considered as an original when executed.

Date _____  Anarda Rosales, Plaintiff _____

5/19/17

Date _____  Jorge Zepeda, Plaintiff _____

5/29/17

Date _____  Sunrise Lakes Phase 3 Recreation Association Inc., Defendant

By: _____
(Print Name)

5-22-17

Date _____  Paul Gassen, Defendant _____

5-22-17

Date _____  Dorance Restrepo, Defendant _____